IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIA BARRERA DE PAIZ | § § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | JURY |
| WAL-MART STORES, INC. | § § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Walmart Inc. formerly known as Wal-Mart Stores, Inc. (incorrectly sued, proper entity is Wal-Mart Stores Texas, LLC) ("Wal-Mart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1332.

### I.   INTRODUCTION

1. Pursuant to 28 U.S.C. § 1441, *et seq.*, this civil action is removed from the 348th District Court of Tarrant County, Texas, where this matter was pending under Cause No. 348-321220-20 in a matter styled *Maria Barrera De Paiz vs. Wal-Mart Stores, Inc.* (the "State Court Action").

### II.   NATURE OF THE SUIT

2. This is a premises liability lawsuit alleging claims of personal injury resulting from Defendant's actions or inactions. *Plaintiff's Original Petition pp. 2-4.*

3. Plaintiff Maria Barrera De Paiz alleges she suffered injuries when she allegedly slipped on a food and/or liquid substance puddle of water on the ground inside the store. *Id. at p. 2.*

4. Plaintiff brought her lawsuit against Wal-Mart in the 348th District Court of Tarrant County, Texas. *See Plaintiff's Original Petition p. 1.*

### III. TIMELINESS OF REMOVAL

5. Plaintiff commenced this lawsuit by filing her Original Petition on October 27, 2020. Defendant accepted service on November 13, 2020 through its agent, CT Corporation. Thus, removal is timely.

### IV. BASIS FOR REMOVAL JURISDICTION

6. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Plaintiff is now and was at the time of the filing of this action a legal Texas resident residing and domiciled in Fort Worth, Tarrant County, Texas. *Plaintiff's Original Petition p. 1*. Accordingly, for diversity purposes, Plaintiff is a citizen of Texas.

8. Plaintiff sued and served Wal-Mart Stores, Inc. Wal-Mart Stores, Inc. changed its name to Walmart Inc. Walmart Inc. (formerly known as Wal-Mart Stores, Inc.) is a Delaware Corporation with its principal place of business in Arkansas. However, the correct corporate entity/Defendant is Wal-Mart Stores Texas, LLC. Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole trustee of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in

Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Walmart Inc. is the sole owner of Wal-Mart Stores East, LLC. Walmart Inc. is a Delaware Corporation with its principal place of business in Arkansas. The Fifth Circuit has also previously recognized Wal-Mart Stores Inc. is a citizen of Delaware with its principal place of business in Arkansas. *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880 (5th Cir. 2000). Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

9.  There is and has been at all times relevant to this Notice of Removal, complete diversity of citizenship between Plaintiff and Defendant.

10. Upon information and belief, the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. Plaintiff alleges she suffered injuries to various parts of her body. *See Plaintiff's Original Petition p. 3.* Plaintiff seeks damages for medical care and expenses past and future, severe physical and mental pain, suffering and anguish past and future, diminished ability to administer to her own needs and the needs of her family past and future, and impairment past and future. *Id.* at pp. 3-4. Plaintiff's Petition seeks monetary relief over $100,000. *Id.* at p. 1. The sum claimed by Plaintiff should control the evaluation of amount in controversy. It is facially apparent from the Plaintiff's Petition that the Plaintiff's claims are likely to exceed $75,000 in damages, exclusive of interest and costs.

11. In an effort to confirm the amount in controversy, Wal-Mart sent correspondence to Plaintiff's counsel on November 25, 2020 requesting Plaintiff stipulate she is seeking damages

less than $75,000 in damages, exclusive of interest and costs. On December 3, 2020, counsel for Defendant left a voice mail and sent an email to Plaintiff's counsel, and again left a voice mail on December 7, 2020, with no response regarding Defendant's request that Plaintiff stipulate to the amount of her alleged damages. Thus, there is a presumption that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. *Heitman v. State Farm Mut. Auto. Ins. Co.,* No. 5:02-CV-0433-D, 2002 U.S. Dist. LEXIS 6192 (N.D. Tex. April. 9, 2002).

## V.   THIS NOTICE IS PROCEDURALLY CORRECT

12.   This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b), because Defendant is not a citizen of Texas, the state in which the action was brought. This action is removable to this Court and venue is proper because this United States District Court and Division embraces the place where the State Court Action was pending. 28 U.S.C. §§ 124(a)(1), 1441(a).

13.   Wal-Mart has attached to this Notice of Removal the documents required by 28 U.S.C. § 1446(a) and Local Rule 81.1 as follows:

    A:   Index of all documents filed in the State Court Action.

    B:   Docket Sheet in the State Court Action.

    C:   Copies of all process, pleadings and orders filed in State Court.

    D:   Signed Certificate of Interested Persons.

14.   Wal-Mart is filing with the Notice of Removal a completed Civil Cover Sheet, a Supplemental Civil Cover Sheet, and separate Certificate of Interested Persons.

15.   Wal-Mart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion to remand or other filing.

16. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to all parties and to the Clerk of the 348th District Court of Tarrant County, Texas

17. Plaintiff has not demanded a jury trial in the State Court Action. Defendant has demanded a jury trial in the State Action.

18. Trial has not commenced in the 348th District Court of Tarrant County, Texas.

## V. CONCLUSION

19. Since diversity jurisdiction exists over Plaintiff's claim as set forth in Plaintiff's Original Petition and the amount in controversy exceeds $75,000 exclusive of interest and costs, Defendant desires and is entitled to remove the lawsuit filed in the 348th District Court of Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Wal-Mart Stores, Inc., pursuant to and in conformance with the statutory requirements, removes this action from the 348th District Court of Tarrant County, Texas, to this Court.

**Respectfully submitted,**

By: _/s/ Bevan Rhine_
**BEVAN RHINE**
Texas Bar No. 24036265
brhine@cobbmartinez.com

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5208 (direct phone)
(214) 220-5258 (direct fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I certify a true and correct copy of this document has been forwarded to the following counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 10th day of December, 2020:

Dan Morales
R.E. Lopez & Morales
550 East 15th Street, Suite 200
Plano, TX  75074
469.209.7727 / fax 888.601.4934
service@northtxlaw.com

                                  */s/ Bevan Rhine*
                              **BEVAN RHINE**