FILED
TARRANT COUNTY
10/27/2020 1:33 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 348-321220-20 _____

| | | |
|---|---|---|
| MARIA BARRERA DE PAIZ,<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| | § | |
| WAL-MART STORES, INC.,<br>*Defendant.* | § | TARRANT COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Maria Barrera De Paiz, Plaintiff, complaining of and against WAL-MART STORES, INC., Defendant herein, and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.2. Written discovery requests to WAL-MART STORES, INC. are set forth in section IX below.  Responses to discovery requests are due **fifty (50) days** from the date Defendant, WAL-MART STORES, INC. is served with this Petition.

### II. PARTIES AND SERVICE

2.     Plaintiff, Maria Barrera De Paiz, currently resides in Fort Worth, Texas. The last three digits of Plaintiff's social security number are 055.

3.     Defendant, WAL-MART STORES, INC., is a Corporation who may be served through

EXHIBIT C

its' registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

**Issuance of Citation is requested at this time.**

### III. JURISDICTION

4.      This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court.  This action seeks only monetary relief of $100,000.00 to $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### IV. VENUE

5.      Venue is proper in Tarrant County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the occurrence that is the subject of this suit occurred in Tarrant County, Texas.

### V. FACTS

6.      On or about August 15, 2019, in Fort Worth, Tarrant County, Texas. Plaintiff, Maria Barrera De Paiz would respectfully show the court that she was a business invitee at a store owned/operated by the Defendant WAL-MART STORES, INC. located at 6360 Lake Worth Blvd., Lake Worth, in Tarrant County, Texas.  While on the premises of the Defendant, Plaintiff slipped on a food and/or liquid substance, which appeared to be yogurt causing severe and incapacitating injury.  Plaintiff states that she was not warned of the dangerous condition that existed. Plaintiff alleges that Defendant was guilty of maintaining a dangerous premises and for failing to properly inspect the premises.  Plaintiff alleges further that Defendant failed to warn the Plaintiff of the dangerous condition on the premises. Defendant had actual and/or constructive notice of the dangerous condition.

7.     As a result of the Defendant's negligent conduct, Plaintiff suffered personal injuries and property.

8.     It was the Defendant, WAL-MART STORES, INC. negligence and negligence *per se*, which was the proximate cause of Plaintiffs' personal injuries and damages.

## VI. NEGLIGENCE OF DEFENDANT WAL-MART STORES, INC.

9.     The conduct of Defendant, WAL-MART STORES, INC., was the proximate causes of Plaintiff's personal injuries in that Defendant, WAL-MART STORES, INC.'s acts or omissions, constituted negligence in following acts of negligence, to wit:

  a.     failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

  b.     failing to keep the premises safe;

  c.     failing to warn the Plaintiff that a dangerous condition existed on the premises;

  d.     failing to adequately repair the dangerous condition that existed on the premises;

  e.     failing to inspect the premises prior to allowing customers and invitees on the premises.

10.     Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII. DAMAGES

11.     As a result of the negligent conduct of Defendant, WAL-MART STORES, INC., Plaintiff, Maria Barrera De Paiz, suffered injuries to various parts of her body.

12.     As a result of the injuries she sustained, Plaintiff, Maria Barrera De Paiz incurred reasonable and necessary doctor's and medical expenses for their necessary medical care and

attention in excess of $75,000.00. There is also a probability Plaintiff will incur additional reasonable expenses for necessary medical care and attention in an amount unknown at this time.

13. In addition, Plaintiff suffered severe physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner well into the future, if not for the balance of her life.

14. As a proximate result of the negligence of Defendant, WAL-MART STORES, INC. Plaintiff, suffered injuries to his body in general. Plaintiffs' diminished ability to administer to her own needs and the needs of his family has been seriously impaired. In all probability, his ability to attend to customary household duties will continue to be so impaired well into the future, if not for the balance of his natural life.

## VIII. DISCOVERY REQUESTS

### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document; state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, please identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1.  "Defendant," "you," or "your" means WAL-MART STORES, INC., individually.

2.  "Plaintiff" means Maria Barrera De Paiz.

3.  "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, his or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or it, or under his or its control, whether directly or indirectly, including any attorney.

4.  "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession o the item.

5. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

7. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

8. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9. "Mobile device" means cellular telephone, satellite telephone, pager, personal digital assistant, palm top computer, hand-held computer, electronic rolodex, e-book, or walkie-talkie.

10. "Identify" or "describe," when referring to a person, means you must state the following:

    a. The full name.
    b. The present or last known residential address and residential telephone number.
    c. The present or last known office address and office telephone numbers.
    d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.
    e. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

11. "Identify" or "describe," when referring to a document, means you must state the following:

    a. The nature (e.g. letter, handwritten note) of the document.
    b. The title or heading that appears on the document.
    c. The date of the document and the date of each addendum, supplement, or other addition or change.
    d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
    e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

12. The word "and" means "and/or." The word "or" means "or/and."

13. The word "vehicle" means a vehicle that is involved in motor vehicle accident that is the subject of this suit.

**14.** Accident," "incident," or "collision" means the motor vehicle collision that occurred on or about August 15, 2019, between plaintiff and defendant, forming the basis of this lawsuit

## Rule 194 REQUESTS FOR DISCLOSURE to WAL-MART STORES, INC.

Please take notice that pursuant to Rule 194, you are requested to disclose the following information or material:

a. The correct names of the parties to the lawsuit;
   b. The name, address and telephone number of any potential parties;
c. The legal theories and, in general, the factual basis of the responding party's claims or defenses;
d. The amount and method of calculating economic damages;
e. The name, address, and phone numbers of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.
f. For any testifying expert:
   (1) The expert's name, address and phone number;
   (2) The subject matter on which the expert will testify;
   (3) The general substance of the expert's mental impressions and opinions and   brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
   (4) If the expert is retained by, employed by, or otherwise subject to the control of the responding party:
      a. All documents, tangible things, reports, models, or data compilations that have been provided to reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, and
      b. The expert's current resume and bibliography
g. Any discoverable indemnity and insuring agreements;
h. Any discoverable settlement agreements;
i. Any discoverable witness statements;
j. In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
k. In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization by the requesting party.
l. The name, address, and telephone number of any person who may be designated as a responsible third party.

## REQUEST FOR RULE 196.1 PRODUCTION

REQUEST NO. 1:  Produce a copy of any and all videotapes and/or photographs taken on August 15, 2019 and/or depicting the condition of the store within 24 hourse of the alleged incident related to this lawsuit.  This request includes any surveillance films and/or videos taken on August 15, 2019.

REQUEST NO. 2:  Produce a copy of any and all incident reports, witness statements and employee statements generated as a result of the incident that is the subject of this lawsuit.

## PRAYER

**WHEREFORE**, Plaintiff will respectfully request that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following:

a.  Actual damages, of medical bills in excess of $75,000.00 for Maria Barrera De Paiz, which are necessary and reasonable for these types of services in Tarrant County, Texas; and for future medical attention in amounts unknown at this time;

b.  Monetary damages of $50,000.00 for past physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact for each Plaintiff;

c.  Monetary damages of $50,000.00 for future physical pain and suffering and mental anguish as found to be reasonable and just by the trier of fact for Plaintiff;

d.  Physical and wage impairment as determined by the trier of fact;

e.  Pre and post judgment interest at the maximum legal rate;

f.  Cost of Court;

g.  and for such other and further relief, at law or in equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

**R. E. LÓPEZ & ASSOCIATES, P.C.**
550 East 15th Street, Suite 200
Plano, TX 75074
Ph. 469-209-7727
Fax 888-601-4934
Service@NorthTxLaw.com

By: _____
**Dan Morales**
State Bar No.: 24049056
**R. Eric Lopez**
State Bar No.: 24049894
**Jennifer Clayton**
State Bar No.: 24048395


ATTORNEYS FOR PLAINTIFF

**CT** CT Corporation

**Service of Process
Transmittal**
11/13/2020
CT Log Number 538592343

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Texas**

**FOR:** Wal-Mart Stores, Inc.  (Former Name)  (Domestic State: DE)
WALMART INC.  (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Paiz Maria Barrera De, Pltf. vs. Wal-Mart Stores, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Attachment(s), Petition |
| **COURT/AGENCY:** | Tarrant County - District Court, TX<br>Case # 34832122020 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 08/15/2019 - 6360 Lake Worth Blvd., Lake Worth, in Tarrant County, Texas |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/13/2020 at 03:25 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. of the Monday next after the expiration of 20 days after the date of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Dan Morales<br>R.E. Lopez & Associates, P.C.<br>550 East 15th Street, Suite 200<br>Plano, TX 75074<br>469-209-7727 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/14/2020, Expected Purge Date: 11/19/2020 |
| | Image SOP |
| | Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / DP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Wolters Kluwer**

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Nov 13, 2020

**Server Name:** Cheryl Albert

| Entity Served | WAL-MART STORES INC. |
|---|---|
| Agent Name | |
| Case Number | 348-321220-20 |
| Jurisdiction | TX |



## THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

| *CITATION* | *Cause No. 348-321220-20* |
|---|---|

MARIA BARRERA DE PAIZ
VS.
WAL-MART STORES, INC.

### TO: WAL-MART STORES INC

B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND
WRITTEN DISCOVERY at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 348th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

MARIA BARRERA DE PAIZ

Filed in said Court on October 27th, 2020 Against
WAL-MART STORES INC

For suit, said suit being numbered 348-321220-20 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION AND WRITTEN DISCOVERY  a copy of which accompanies this citation.

DAN MORALES
Attorney for MARIA BARRERA DE PAIZ Phone No. (469)209-7727
Address     550 E 15TH ST STE 200 PLANO, TX 75074

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 28th day of October, 2020.

By Tamara Colacino

TAMARA COLACINO

A CERTIFIED COPY
ATTEST: 10/28/2020
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Tamara Colacino

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN  *34832122020000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND
WRITTEN DISCOVERY, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____                       _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                   _____
County of _____, State of _____

## *CITATION*

Cause No. 348-321220-20

MARIA BARRERA DE PAIZ

VS.

WAL-MART STORES, INC.

ISSUED

This 28th day of October, 2020

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        TAMARA COLACINO Deputy

DAN MORALES
Attorney for: MARIA BARRERA DE PAIZ
Phone No. (469)209-7727
ADDRESS: 550 E 15TH ST STE 200

PLANO, TX 75074

## *CIVIL LAW*



\*34832122020000004\*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 10/28/2020
THOMAS A WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Tamara Colacino

348-321220-20

FILED
TARRANT COUNTY
12/7/2020 9:30 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 348-321220-20

| | | |
|---|---|---|
| **MARIA BARRERA DE PAIZ** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **TARRANT COUNTY, TEXAS** |
| | § | |
| **WAL-MART STORES, INC.** | § | **348ᵀᴴ JUDICIAL DISTRICT** |

### DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Walmart Inc. formerly known as Wal-Mart Stores, Inc. (incorrectly sued, proper entity is Wal-Mart Stores Texas, LLC), Defendant in the above-entitled and numbered cause, and files its Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I. GENERAL DENIAL

Defendant generally denies the allegations contained in Plaintiff's Original Petition, demands strict proof thereof, and says this is a matter for jury decision.

### II. REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

### III. RULE 193.7 NOTICE

Pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7, Defendant provides notice that it intends to use Plaintiff's production of all documents, tangible things and discovery items produced in response to discovery in any pre-trial proceeding or at trial.

### IV. JURY DEMAND

Defendant further demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof, Plaintiff take nothing by this suit, that Defendant recover its costs, and that Defendant have such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

**COBB MARTINEZ WOODWARD PLLC**
1700 Pacific Avenue, Suite 3100
Dallas, TX  75201
(214) 220-5208 (direct phone)
(214) 220-5258 (direct fax)

By:      */s/ Bevan Rhine*
        **BEVAN RHINE**
        Texas Bar No. 24036265
        brhine@cobbmartinez.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify a true and correct copy of this document has been forwarded to the following counsel for Plaintiff either by e-service, telefax, electronic mail, and/or regular U.S. mail on this 7th day of December, 2020:

Dan Morales
R.E. Lopez & Morales
550 East 15th Street, Suite 200
Plano, TX  75074
469.209.7727 / fax 888.601.4934
service@northtxlaw.com

        */s/ Bevan Rhine*
        **BEVAN RHINE**